Joseph Panvini (028359)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
jpanvini@AttorneysForConsumers.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nivea Ritchie, ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT AND TRIAL BY JURY** |
| ) | **DEMAND** |
| vs. ) | |
| ) | |
| Van Ru Credit Corporation, ) | |
| ) | |
| Defendant. ) | |

### NATURE OF THE ACTION

1.      This is an action for damages brought by an individual plaintiff pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION

2.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant transacts substantial business in this State and this District.

## PARTIES

4.    Plaintiff is a natural person who at all relevant times resided in the State of Arizona, Maricopa County.

5.    Defendant Van Ru Credit Corporation ("Defendant") is an Illinois corporation with principal offices situated at 1350 E. Touhy Ave. Ste. 300E, Des Plaines, IL.

6.    Defendant may be served through its registered agent Corporation Service Company, 2338 W. Royal Palm Rd. Ste. J, Phoenix, AZ 85021.

7.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

8.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.    Defendant, at all relevant times, was engaged by use of telephone in conduct in connection with collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

10.    Defendant placed a call to Plaintiff's cellular telephone March 29, 2012 at 2:25 P.M., and at such time, left the following pre-recorded voicemail message:

> This is a message for: Jorge Rodrigo. If we have reached the wrong number for this person please call us at, 877-237-1836 to remove your phone number. If you are not, Jorge Rodrigo, please hang up. If you are, Jorge Rodrigo, please continue to listen to this message. ….. Jorge Rodrigo, you should not listen to this message so that other people can hear it as it contains personal and private information. This is from Van Ru Credit Corporation. This is an attempt to collect a debt by a debt collector. Any

information obtained will be used for that purpose. Please contact us about an important business matter at, 877-237-1836.

11.     On or about March 29, 2012, Plaintiff called Defendant, and during the ensuing conversation, Plaintiff demanded that Defendant stop making telephone calls to Plaintiff's cellular telephone as it belonged to Plaintiff and not to "Jorge Rodrigo."

12.     On multiple other occasions, Plaintiff spoke with Defendant and told Defendant that she was not Jorge Rodrigo, did not know Jorge Rodrigo, and demanded that Defendant stop calling her.

13.     On more than one occasion, Defendant's agent and/or employee apologized to Plaintiff that her number had not been taken out of its dialing system.

14.     Despite Plaintiff's demand that Defendant cease and desist from placing any and all telephone calls to Plaintiff, despite having knowledge that Plaintiff was not the debtor with whom Defendant was trying to communicate, Defendant placed additional telephone calls to Plaintiff's cellular telephone, including, but not limited to, the following dates and times:

- March 31, 2012 at 8:05 A.M.
- April 5, 2012 at 11:26 A.M.
- April 12, 2012 at 1:15 P.M.

15.     In each such instance, Defendant delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

16.     Defendant placed many more telephone calls to Plaintiff's cellular telephone number.

17.     Upon information and belief, Defendant's calls to Plaintiff were in

connection with an attempt to collect an obligation owed or due, or asserted to be owed or due a creditor other than Defendant, which arose from a transaction in which the money, property, insurance, or services that were the subject of the transaction were incurred primarily for personal, family, or household purposes.

18.     Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

19.     Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

20.     Defendant did not place any telephone calls to Plaintiff for emergency purposes.

21.     Defendant does not have a prior business relationship with Plaintiff.

22.     At no point did Defendant have Plaintiff's prior express consent to call Plaintiff on her cellular telephone number.

23.     Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

24.     Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

25.     Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place each of the telephone calls identified above.

26.     Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place each of the telephone calls identified above.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

27.     Plaintiff repeats and re-alleges each and every allegation above.

28.     Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  47 U.S.C. § 227(b)(1)(A)(iii);

b)  Enjoining Defendant from continuing its violative behavior, pursuant to 47 U.S.C. § 227(b)(3)(A);

c)  Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

d)  Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692b(3)

29.    Plaintiff repeats and re-alleges each and every allegation above.

30.    Defendant violated 15 U.S.C. § 1692b(3) by communicating with Plaintiff—a person other than the consumer—more than once in connection with an attempt to collect an alleged debt from a consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d

31.    Plaintiff repeats and re-alleges each and every allegation above.

32.    Defendant violated 15 U.S.C. § 1692d engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, including by calling Plaintiff repeatedly, where Defendant knew Plaintiff was not the alleged debtor that Defendant was trying to reach and knew that Plaintiff had no information regarding said alleged debtor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692d(5)**

33.    Plaintiff repeats and re-alleges each and every allegation above.

34.    Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

35.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 13th day of August, 2012.

By: s/Joseph Panvini
Joseph Panvini (028359)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
jpanvini@attorneysforconsumers.com
Attorneys for Plaintiff