Michael L. Greenwald (*pro hac vice*)
James L. Davidson (*pro hac vice*)
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477 tel
561-961-5684 fax
mgreenwald@mgjdlaw.com
jdavidson@mgjdlaw.com

Attorneys for Plaintiff and
Proposed Class Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nivea Ritchie, on behalf of herself and others similarly situated, | ) Case No. 2:12-CV-01714-PHX-SMM |
| | ) |
| Plaintiff, | ) **DECLARATION OF MICHAEL L.** |
| | ) **GREENWALD IN SUPPORT OF** |
| | ) **PLAINTIFF'S UNOPPOSED MOTION** |
| vs. | ) **FOR PRELIMINARY APPROVAL OF** |
| | ) **CLASS ACTION SETTLEMENT** |
| Van Ru Credit Corporation, | ) |
| Palisades Collection, L.L.C., and | ) |
| Asta Funding, Inc. | ) *(Assigned to the Honorable* |
| | ) *Stephen M. McNamee)* |
| Defendants. | ) |

I, Michael L. Greenwald, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1.     My name is Michael L. Greenwald.

2.     I am over twenty-one years of age, and am fully competent to make the statements contained in this Declaration.

3.     I am a partner at the law firm of Greenwald Davidson PLLC, counsel for Plaintiff Nivea Ritchie and proposed Class Counsel in the above-entitled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

4.      Throughout this case, the parties have extensively litigated the issues underlying Plaintiff's claims, including: (1) broad fact discovery, including numerous depositions of Defendant Van Ru Credit Corporation employees and the review of thousands of pages of documents produced by Defendants and reviewed by Plaintiff's counsel, (2) several third-party subpoenas, (3) discovery of Plaintiff, including document discovery and her deposition, (4) detailed motion practice, including Defendants' motion to dismiss and Plaintiff's motion for class certification, and (5) a full-day mediation before the Honorable Wayne Andersen (Ret.). After the close of discovery, the parties have reached a settlement that proposed Class Counsel firmly believe is fair, reasonable, and adequate, and in the best interests of all members of the proposed Class.

5.      As more specifically set forth in the parties' Stipulation of Settlement attached hereto, the Settlement requires Van Ru to create a settlement fund of $2.3 million.  The 9,042 members of the Settlement Class who choose to participate in the settlement will receive a pro-rata portion of the settlement fund, after expenses are deducted.  Thus, even if 100 percent of the Class Members participate in the settlement, and after deducting attorneys' fees, expenses, and settlement administration costs, each will receive in excess of $167 in cash—a tremendous result that compares extremely favorably to other TCPA class action settlements.

6.      Attached hereto is a true and correct copy of the Stipulation of Settlement and its following exhibits:

> Exhibit 1: [Proposed] Order Preliminarily Approving Class Action Settlement
> Exhibit 2: [Proposed] Final Order and Judgment
> Exhibit 3: Class Notice

7.      This Declaration and the foregoing exhibits are being submitted in support of Plaintiff's motion for preliminary approval of the Settlement reached by the parties.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 21, 2014.

By: _s/ Michael L. Greenwald_
Michael L. Greenwald

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Nivea Ritchie, on behalf of herself )
and others similarly situated, )
)
      Plaintiff, )
)    Case No. CV-12-1714-PHX-SMM
)
      vs. )
)
Van Ru Credit Corporation, )
Palisades Collection, L.L.C., and )
Asta Funding, Inc., )
)
      Defendants. )

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), dated February 21, 2014, is entered into between Nivea Ritchie (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Class Members" (as defined below), and Van Ru Credit Corporation (hereinafter referred to as "Van Ru"). This Agreement is intended by Van Ru and Plaintiff, on behalf of herself and the Class Members (hereinafter collectively referred to as the "Parties"), to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below), upon and subject to the terms and conditions contained herein.

RECITALS

WHEREAS, on January 17, 2013, Plaintiff filed an amended class action complaint (hereinafter referred to as the "Lawsuit") against Van Ru Credit Corporation,

1

Palisades Collection, L.L.C. and Asta Funding, Inc. in the United States District Court for the District of Arizona, Case No. CV-12-1714-PHX-SMM, asserting putative class claims arising from the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227, *et seq*.

WHEREAS, Plaintiff has alleged that Van Ru violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make or place telephone calls to Plaintiff's cellular telephone number and the cellular telephone numbers of the putative class without consent to do so.

WHEREAS, the Parties desire and intend to settle and resolve all of the claims asserted in the Lawsuit;

WHEREAS, the Parties wish to avoid the expense and uncertainty of litigation;

WHEREAS, the Parties believe that settlement by way of this Agreement is in their best interest;

WHEREAS, counsel for the Class Members have conducted an evaluation of the claims to determine how best to serve the interests of the Class Members;

WHEREAS, counsel for the Class Members believe, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to the Class Members, that the class settlement as provided in this Agreement is in the best interest of the Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, prior to entering into this Agreement, counsel for the Parties engaged

2

in extensive arms-length negotiations and discovery, including a full day mediation with the Honorable Wayne Andersen (Ret.);

WHEREAS, the Parties desire and intend to seek court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek entry of a Final Approval Order and subsequently an order dismissing with prejudice the claims of the Class Members as set forth herein;

WHEREAS, the Parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed settlement pursuant to the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4;

WHEREAS, the Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and contemplate that they will oppose any objections to the proposed settlement, including objections by any regulatory authority after CAFA notices are issued, and oppose any appeals from any orders of final approval.

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree:

1.   <u>DEFINITIONS</u> – The following definitions shall apply to this Agreement:

A.   <u>"Effective Date"</u> shall mean the first date after "Final Order Day" (as defined below) and after Van Ru fulfills the obligations required under ¶ 22 of this Agreement.

B.    "Final Order Day" shall mean the day upon which the Final Approval Order becomes "Final."   The Final Approval Order shall become "Final" upon the expiration of any available appeal period following entry of the Final Approval Order.   If any appeal is filed from the Final Approval Order, then the Final Order Day shall be the first date after the conclusion of all appeals, so long as the Final Approval Order is not reversed or vacated.

C.    "Class Members" shall mean all persons and entities throughout the United States to whom Van Ru made or caused to be made one or more calls between January1, 2012 and May 31, 2012  directed to a number assigned to a cellular telephone service, by using an automatic telephone dialing system where the person or entity's cellular telephone number was obtained by Van Ru from a skip trace vendor.  The Parties agree there are 9,042 Class Members, including Plaintiff.

D.    "Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), between January 1, 2012 through May 31, 2012,  which Plaintiff or Class Members have that arise out of, or are based upon, the conduct alleged in the  Lawsuit – including specifically claims that arise out of or are related in any way to the use of an "automatic telephone dialing system", a predictive

4

dialer and/or an "artificial or prerecorded voice" by Van Ru to make "calls" to a cellular telephone or any service for which the Class Member was charged for the call, (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law) by or on behalf of the Released Parties in connection with efforts to contact or attempt to contact Settlement Class Members by or on behalf of the Released Parties including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other statutory or common law claim arising from the use of automatic telephone dialing systems, a predictive dialer  and/or an artificial or prerecorded voice, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel, regardless of whether those claims are known or unknown at the time this Agreement is entered into, and regardless of any information that may be discovered in future, which Plaintiff or Class Members have that arise out of, or are based upon, the conduct alleged in the Lawsuit.

E.    "Released Parties" shall mean Van Ru Credit Corporation; Palisades Collection, L.L.C.; Asta Funding, Inc. and each of their past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-

insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit.

2.      <u>CLASS CERTIFICATION</u> – Concurrent with seeking preliminary approval of the settlement, counsel for the Parties shall jointly seek certification, pursuant to FED. R. CIV. P. 23 (b)(3), of a class as defined above in ¶ 1(C).

3.      <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – For settlement purposes, and subject to Court approval, Plaintiff, Nivea Ritchie, is appointed as the Class Representative for the Class Members and Michael L. Greenwald and James L. Davidson of Greenwald Davidson PLLC, are appointed as counsel for the Class Members ("Class Counsel").

4.      <u>ORDER OF PRELIMINARY APPROVAL</u> – Within 20 business days after this Agreement is fully executed, counsel for the Parties shall jointly request that the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the same form attached as **Exhibit A**.

5.      <u>FINAL ORDER AND JUDGMENT</u> – If the settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, counsel for the Parties shall jointly request that the Court enter a Final Order and Judgment in substantially the same form attached as **Exhibit B**.

6.     Upon entry of the Final Order and Judgment, the Parties expressly waive any and all rights to appeal any orders issued by the Court in connection with the Lawsuit.

7.     Plaintiff and Class Counsel agree that the execution of this Agreement, or any related documents, the certification of the class, and any other act taken or court paper filed in furtherance of this Agreement shall not be used to urge that a "litigation class" pursuant to FED. R. CIV. P. 23 is appropriate in this case.  In the event this settlement is not approved, Defendants retain any and all rights to object to the maintenance of this action, or any other action as a class action, and to contest this action, or any other action, on any other grounds, and Plaintiff retains and all rights to seek certification of a litigation class that may be different in scope than the settlement class here.,

8.     ADMINISTRATION AND NOTIFICATION PROCESS – A third party class administrator jointly selected by and agreeable to the parties ("Class Administrator") shall administer the settlement and notification of the settlement to the Class Members. The costs and expenses for the administration of the settlement and class notice, including all skip tracing work necessary to identify the class members, shall be deducted from the Settlement Fund as defined below.  The Class Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members.

9.     The Class Administrator shall, as expeditiously as possible but not to exceed 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, provide notice of the settlement to the Class Members as follows:

    A.     Written Notice – The Class Administrator will send via U.S. mail written

7

notice of the settlement to each Class Member at his or her last known valid address, address correction requested. Before sending the written notice, the Class Administrator shall confirm and, if necessary, update the addresses for the Class Members through the standard methodology it currently uses to update addresses, including attempting to identify the name and address of each Class Member based on the cellular telephone number identified for each Class Member.  If any notice is returned with a new address, the Class Administrator will re-mail the notice to the new address and shall update the Class Member address list with all forwarding addresses. The notice to the Class Members shall be in substantially the form attached as **Exhibit C**.

       B.    <u>Website Notice</u> – No more than 30 days after the Preliminary Order, the Claims Administrator shall maintain and administer a dedicated settlement website (www._____.com) containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form members can download, complete and submit electronically. At a minimum, such documents shall include the Settlement Agreement and Exhibits, the Notice, the Preliminary Approval Order, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the operative complaint, and when filed, the Final Approval Order.

       C.    CAFA Notice. Defendants shall be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within 10 days of the filing of the Preliminary Approval Motion.

10.    REQUESTS FOR EXCLUSION AND OBJECTIONS – The Class Administrator shall administer the receipt of any and all requests for exclusion.

11.    Any Class Member who desires to be excluded from the class must send a written request for exclusion to the Class Administrator with a postmark date no later than 75 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement.  The Class Administrator shall provide a list of the names of each Class Member who submitted a timely exclusion to Class Counsel after the deadline passes.  A copy of this list will be filed with the Court, along with the Parties' Motion for Final Approval of Class Action Settlement.

12.    In the written request for exclusion, the Class Member must set forth his or her full name, address, telephone number and email address (if available), along with a statement that he or she wishes to be excluded.

13.    Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement.

14.    Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.  Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and Counsel for Defendants via U.S. Mail.

15.    In the written objection, the Class Member must state:  his or her full name, address, telephone number, and email address (if available); the reasons for his or her

9

objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.  Further, the Class Member must attach to his or her objection any documents supporting the objection.

16.     Any Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

17.     When responding to any inquiry from a Class Member, Plaintiff and Class Counsel will confirm that they believe the settlement is fair and reasonable.

18.     Subject to approval by the Court, a fairness hearing will be conducted regarding the settlement within 120 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement. Under Rule 23(c)(2)(B)(iv) of the Federal Rules of Civil Procedure, the Class Members shall be notified that they may enter an appearance through an attorney at their own expense if the member so desires.

19.     THE EFFECTIVE DATE – As defined in ¶ 1(B), the "Effective Date" shall be the first date after Final Judgment Day and after Defendants complete the performance requirements under ¶ 22 of this Agreement.

20.     RELEASES – As of the Effective Date, Plaintiff and the Class Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, and are forever barred from asserting any of the Released Claims in any court or forum whatsoever against any of the Released Parties.

21.     The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, or

damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and approved by a court are hereby expressly, knowingly, and voluntarily waived by Plaintiff and the Class Members.

22.     <u>SETTLEMENT CONSIDERATION</u> – In consideration for the foregoing releases, the Parties agree to the following:

     A.     <u>Settlement Fund</u> – Van Ru shall establish a $2,300,000 Settlement Fund (the "Settlement Fund").

     B.     <u>Deductions</u> - The following shall be deducted from the Settlement Fund before any other distributions are made:

        a.     The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify Class Members; and

        b.     Plaintiff's attorneys' fees and costs, subject to approval from this Court and not to exceed 30% of the fund;

        c.     The Incentive Payment to Nivea Ritchie: Plaintiff, Nivea Ritchie, shall receive the sum of $12,000 as acknowledgment of her role in prosecuting this case on behalf of the Class Members.

     C.     <u>Settlement Payment to Class Members</u> - The Class Administrator shall send via U.S. mail, address correction requested, the class notice to each Class Member at his or her last known valid address.  Each Class Member who submits a valid and timely claim form with a postmark date no later than 75 days after the Court's entry of the Order

of Preliminary Approval of Class Action Settlement shall be entitled to participate in the settlement as follows:

The remainder of the Settlement Fund after the above distributions are made will be distributed on a pro-rata basis among those Class Members who return a valid and timely claim form. Each Class Member who submits a valid and timely claim form shall receive a pro-rata share of the remainder of the settlement fund after the deductions described in ¶ 22(B). Each Class Member will be sent a claim form along with the Notice described in ¶ 9. Each Class Member must return a claim form to receive a cash payment. Class Members must return their completed claim form to the Class Administrator with a postmark date no later than 75 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement.

Within 30 days after Final Order Day, Defendants and the Class Administrator shall send via U.S. mail a settlement check to each Class Member who submits a valid and timely claim form. Defendants' obligations pursuant this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cashed, except that the Class Administrator will be obligated to take reasonable steps to forward all settlement checks returned with a forwarding address to such forwarding addresses. Each settlement check will be will be void sixty (60) days after mailing.

D.    <u>Limited Reversion</u> - To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be paid to

Van Ru to offset the costs of settlement administration, up to the costs of administration. If checks that remain uncashed or are not paid after 60 days of the first pro rata distribution yield an amount that, after administration costs for the making of a second pro rata distribution, would allow a second pro rata distribution to the qualifying claimants equal to or greater than $1.00 per qualifying claimant, a second pro rata distribution will be made. If a second pro rata distribution is not made, the uncashed amount will be paid to a non-profit(s) entity to be determined as a cy pres recipient.  If a second pro rata distribution is made, the amount of any checks that remain uncashed after 60 days of the second pro rata distribution will be distributed to the identified non-profit(s).

23.    <u>COVENANT NOT TO SUE</u> – Plaintiff agrees and covenants, and each Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

24.    <u>TERMINATION</u> – After completing a good faith negotiation, Class Counsel and Defendants shall each have the right to terminate this Agreement by providing written notice to the other within 7 days following:

A.    The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as **Exhibit A**;

B.      The Court's refusal to approve the settlement following notice to the Class Members and the fairness hearing; or

C.      The Court's refusal to enter a Final Order and Judgment in substantially the form attached as **Exhibit B**.

25.     If either Class Counsel or Defendants terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

26.     ATTORNEYS' FEES, COSTS, AND EXPENSES – In advance of the Final Settlement Hearing, Class Counsel shall file an application for attorneys' fees, costs, and expenses in an amount not to exceed 30% of the Settlement Fund, subject to approval by the Court.  Defendants will not object to the fee, cost, and expense application, provided the application seeks no more than 30% of the Settlement Fund.  Any amount awarded to Class Counsel for attorneys' fees, costs, and expenses will be deducted from the Settlement Fund prior to the distribution to the Class Members as described in ¶ 22(B).

27.     Van Ru shall forward to Class Counsel the check for the attorneys' fees, costs and expenses awarded by the Court no later than 15 days after the Court's order related to such fees, costs, and expenses becomes final (non-appealable). Upon payment of attorneys' fees, costs, and expenses to Class Counsel, the Released Parties shall have no further obligation with respect to Class Counsel's fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Class Member.

14

28.     In the event that at any time prior to the Fairness Hearing, Class Counsel or the Class Administrator advise Defendants  that more than 20% of Class Members elected to opt out of participating in this Agreement, then Van Ru or Plaintiff shall have the option to unilaterally terminate this settlement before the Fairness Hearing.

29.     <u>MISCELLANEOUS  PROVISIONS</u> – Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

30.     This Agreement is for settlement purposes only.  The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by Van Ru, any Defendant or any Released Party.  This Agreement shall not be offered or be admissible against Van Ru, any Defendant or any Released Party or cited or referred to, in any action or proceeding, except in an action or proceeding brought to enforce its terms.

31.     No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

32.     This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties, including any and all other mediation and settlement agreements.  The terms of this Agreement are contractual.

33.     This Agreement shall be interpreted in accordance with Arizona law.

15

34.     Any dispute, challenge, or question relating to this Agreement shall be heard only by this Court.

35.     The Parties shall request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Class Members, and over the administration and enforcement of this Agreement.

36.     This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

37.     In the event that any material provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if Defendants  and Class Counsel mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

38.     This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

39.     This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

40.     Thirty (30) days after Class Members' checks become void, after the latter of either the first or second pro-rata distribution described in Paragraph 22(B), Defendants shall file a Notice of Compliance that they have complied with the terms of the

Agreement, all Class Members have been issued checks, and any undistributed funds or uncashed checks have been sent to the agreed upon recipients.  Fourteen days (14) after the Notice of Compliance has been filed, Plaintiff shall file a motion for dismissal with prejudice.

42.   <u>Notices/Communications</u>.   All   requests,   demands,   claims   and   other communications hereunder shall: (a) be in writing; (b) be delivered by U.S. Mail; (c) be deemed to have been duly given on the date received; and (d) be addressed to the intended recipients as set forth below:

<u>If to Plaintiff or the Class</u>:

Michael Greenwald
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida  33431

and

<u>If to Van Ru</u>:

James K. Schultz
Sessions, Fishman, Nathan & Israel, LLC
55 W. Monroe Street, Suite 1120
Chicago, IL 60603

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 21st day of February, 2014.

SIGNATURES

17

_____
Nivea Ritchie


_____
Michael L. Greenwald
James L. Davidson
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477 tel
561-961-5684 fax
mgreenwald@mgjdlaw.com
jdavidson@mgjdlaw.com

Attorneys for Plaintiff and Proposed Class Counsel


_____
Representative of Van Ru Credit Corp.


_____
James K. Schultz
Daniel W. Pisani
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
55 W. Monroe St., Suite 1120
Chicago, IL 60603-5130
312-578-0990 tel
312 578 9991 fax
jschultz@sessions-law.biz
dpisani@sessions-law.biz

Attorneys for Defendants

Nivea Ritchie

_____

Michael L. Greenwald
James L. Davidson
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477 tel
561-961-5684 fax
mgreenwald@mgjdlaw.com
jdavidson@mgjdlaw.com

Attorneys for Plaintiff and Proposed Class Counsel

_____

Representative of Van Ru Credit Corp.

_____

James K. Schultz
Daniel W. Pisani
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
55 W. Monroe St., Suite 1120
Chicago, IL 60603-5130
312-578-0990 tel
312 578 9991 fax
jschultz@sessions-law.biz
dpisani@sessions-law.biz

Attorneys for Defendants

18

Nivea Ritchie

Michael L. Greenwald
James L. Davidson
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477 tel
561-961-5684 fax
mgreenwald@mgjdlaw.com
jdavidson@mgjdlaw.com

Attorneys for Plaintiff and Proposed Class Counsel

Representative of Van Ru Credit Corp.

James K. Schultz
Daniel W. Pisani
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
55 W. Monroe St., Suite 1120
Chicago, IL 60603-5130
312-578-0990 tel
312 578 9991 fax
jschultz@sessions-law.biz
dpisani@sessions-law.biz

Attorneys for Defendants

18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nivea Ritchie, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. CV-12-1714-PHX-SMM |
| vs. | ) ) ) | |
| Van Ru Credit Corporation, Palisades Collection, L.L.C., and Asta Funding, Inc., | ) ) ) ) | |
| Defendants. | ) | |

## <u>ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>

WHEREAS, the Court has been advised that the parties to this action, Nivea Ritchie (hereinafter referred to as "Plaintiff" or "Class Representative"), and Van Ru Credit Corporation, Palisades Collection LLC, and Asta Funding, Inc. (hereinafter referred to as "Defendants"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a Hearing, to settle the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement);

NOW, THEREFORE, based upon the Settlement Agreement and all of the files,

EXHIBIT A

records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a Hearing should and will be held on _____, 2014, after Notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

1.     The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.     In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, AND 1711-1715, Defendants served written Notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state on _____.

3.     **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> all persons and entities throughout the United States to whom Van Ru made or caused to be made one or more calls between January 1, 2012 through May 31, 2012 directed to a number assigned to a cellular telephone service, by using an automatic telephone dialing system where Van Ru's records show the person or entity's cellular telephone number was obtained from a skip trace vendor (the "Class Members").

4.     The Parties believe that there are approximately 9,042 Class Members.

2

5.   **CLASS     REPRESENTATIVE     AND     CLASS     COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiff Nivea Ritchie as the Class Representative and Michael L. Greenwald and James L. Davidson of Greenwald Davidson PLLC as Class Counsel.

6.   **PRELIMINARY CLASS CERTIFICATION** – The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.   The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.   There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.   The claims of the Plaintiff are typical of the claims of the Class Members;

D.   The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.   Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7.   The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members,

3

especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

8.      ADMINISTRATION – A third party class administrator acceptable to the parties will administer the settlement and notification to Class Members.  The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All costs of administration shall be paid out of the Settlement Fund. Upon the recommendation of the parties, the court hereby appoints the following class administrator: KCC, 2 North LaSalle Street, Chicago, IL 60602.

9.      **WRITTEN NOTICE** – The Court approves the form and substance of the Notice of Class Action Settlement, attached to the Settlement Agreement as Exhibit B. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice.  The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights.  In accordance with the Settlement Agreement, the class administrator shall cause the completed notice to be mailed to the Class Members as expeditiously as possible, but in no event later than 30 days after the Court's entry of this order, *i.e.*, **no later than _____, 2014**.  The class administrator shall confirm, and if

4

necessary, update the addresses for the Class Members through standard methodology that the class administrator currently uses to update addresses.

10.   **EXCLUSIONS** – Any Class Member who desires to be excluded from the class must send a written request for exclusion to Class Counsel with a postmark date no later than 75 days after the Court's entry of this order, i.e., **no later than _____, 2014**.  To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded.  Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement Stipulation.

11.   **OBJECTIONS** – Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days after the Court's entry of this order, *i.e.*, **no later than _____, 2014**.  Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention:  Ritchie v. Van Ru Settlement, Greenwald Davidson PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and Counsel for Defendants, Attention: Ritchie v. Van Ru Settlement, Sessions, Fishman, Nathan & Israel, L.L.C., 55 W. Monroe Street, Suite 1120, Chicago, IL 60603.

12.   To be effective, a notice of intent to object to the Proposed Settlement must:

5

(a)     Contain a heading which includes the name of the case and case number;

(b)     Provide the name, address, telephone number and signature of the Class Member filing the objection;

(c)     Be filed with the Clerk of the Court no later than 75 days after the Court preliminarily approves the settlement;

(d)     Be sent to Class Counsel and Defendants at the addresses designated in the Notice by first-class mail, postmarked no later than 75 days after the Court preliminarily approves the settlement;

(e)     Contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the District of Arizona.

(f)     A detailed statement of the specific legal and factual basis for each and every objection; and

(g)     A list of any legal authority the objector will present at the Final Approval Hearing.

13.     Any Class Member who has timely filed an objection shall appear at the Settlement Approval Hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the Proposed Settlement, and on the application for an award of attorneys' fees and costs.  The right to object to the Proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a deceased, minor, or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

14. **SETTLEMENT PAYMENTS** – The class administrator will mail a settlement check to each Class Member who submits a timely claim form and does not exclude himself or herself from the class. The settlement checks to the class members shall be sent via U.S. mail no later than 30 days after Final Judgment Day.

15. **CLASS REPRESENTATIVE AWARD TO NIVEA RITCHIE**– Plaintiff, Nivea Ritchie, will petition the Court to receive the sum of $12,000 as acknowledgement of her role in prosecuting this case on behalf of the Class Members.

16. **FINAL APPROVAL** – The Court shall conduct a hearing (hereinafter referred to as the "final approval hearing") on _____, 2014 at United States District Court District of Arizona - Phoenix Division, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003-2118 to review and rule upon the following issues:

  A.   Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

  B.   Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

  C.   Whether the Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

  D.   To discuss and review other issues as the Court deems appropriate.

7

17.     Attendance at the Final Approval Hearing is not necessary.  Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  Class Members wishing to be heard are, however, required to appear at the Final Approval Hearing.  The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

18.     Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than 7 days prior to the Final Approval Hearing, *i.e.*, **no later than** _____.

19.     The Settlement Agreement and this Order shall be null and void if any of the following occur:

A.      The Settlement Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B.      The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Settlement Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

C.      The Court rejects any material component of the Settlement Agreement,

8

including any amendment thereto approved by the Parties; or

D.    The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

20.    If the Settlement Agreement and/or this order are voided per ¶ 19 of this order, then the Settlement Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

21.    The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

22.    The Court sets the following schedule:

| **Date** | **Event** |
| --- | --- |
| | Preliminary Approval Order Entered |
| | Notice Sent |
| | Deadline to Send Exclusion or File Objection |
| | Motion for Final Approval and Attorney Fees Papers Filed |
| | Final Approval Hearing Held |

## **ORDER**

IT IS SO ORDERED.

DATED: _____    _____

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nivea Ritchie, On behalf of herself<br>And others similarly situated | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CV-12-1714-PHX-SMM |
| | ) | |
| vs. | ) | |
| | ) | |
| Van Ru Credit Corporation,<br>Palisades Collection, L.L.C., and<br>Asta Funding, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL ORDER AND JUDGMENT

On January 17, 2013, Plaintiff filed an amended class action complaint (hereinafter referred to as the "Lawsuit") against Van Ru Credit Corporation, Palisades Collection, L.L.C. and Asta Funding, Inc. in the United States District Court for the District of Arizona, Case No. CV-12-1714-PHX-SMM, asserting class claims under the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227, *et seq*.

Van Ru Van Ru Credit Corporation, Palisades Collection, L.L.C. and Asta Funding, Inc. ("Defendants") have denied any and all liability alleged in the Lawsuit.

On February 21, 2014, after extensive arms-length negotiations, Plaintiff and Defendants (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.

EXHIBIT B

On February 21 2014 the Parties filed the Settlement Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendants served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of all 50 states.

On _____, 2014, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Nivea Ritchie as the Class Representative; (iv) appointed Michael L. Greenwald and James L. Davidson of Greenwald Davidson PLLC as Class Counsel; and, (v) set the date and time of the Settlement Approval Hearing.

On _____, 2014 the Parties filed their Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On _____, 2014, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be

approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and record.  All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.      **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> all persons and entities throughout the United States to whom Van Ru made or caused to be made one or more calls between January 1, 2012 through May 31, 2012 directed to a number assigned to a cellular telephone service, by using an automatic telephone dialing system where Van Ru's records show the person or entity's cellular telephone number was obtained from a skip trace vendor (the "Class Members").

3.      Defendants represent there are approximately 9,042 Class Members.

4.      **CLASS     REPRESENTATIVE     AND     CLASS     COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Nivea Ritchie as the Class Representative and Michael L. Greenwald and James L. Davidson of Greenwald Davidson PLLC as Class Counsel

5.    **NOTICES AND CLAIM FORMS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed.  The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the notice was clearly designed to advise the Class Members of their rights.

6.    **FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.    The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.    The claims of the Plaintiff are typical of the claims of the Class Members;

D.    The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7.    The Court finds that the settlement of the Lawsuit, on the terms and

4

conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

8.     **SETTLEMENT TERMS** – The Settlement Agreement, which is attached hereto as **Exhibit A** and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.   The material terms of the Settlement Agreement include, but are not limited to, the following:

A.     Settlement Fund – Van Ru shall establish a $2,300,000 Settlement Fund (the "Settlement Fund").

B.     Deductions - The following shall be deducted from the Settlement Fund before any other distributions are made:

a.     The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify class members;

b.     Plaintiff's attorneys' fees and costs, subject to approval from this Court and not to exceed 30% of the fund; and

c.     The Incentive Payment to Nivea Ritchie.  Plaintiff, Nivea Ritchie, shall receive the sum of $12,000 as acknowledgment of her role in prosecuting this case on behalf of the Class Members.

5

C. <u>Settlement Payment to Class Members</u> - Each Class Member who has submitted a valid and timely claim form with a postmark date no later than 75 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement shall receive a pro rata share of the remainder of the settlement fund. Each settlement check will be will be void sixty (60) days after mailing.   To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be paid to Van Ru to offset the costs of settlement administration, up to the costs of administration.

9.   **OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the settlement.  No Class Member objected to the settlement. The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this order.  The identities of such persons are set forth in **Exhibit B**, attached hereto.

10.   This Order is binding on all Class Members, except those individuals identified in **Exhibit B** hereto, who validly and timely excluded themselves from the class.

11.   **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement.  Pursuant to the release contained in the Settlement Agreement, the Released Claims – except claims for attorneys' fees, costs, and expenses

– are compromised, settled, released, discharged, by virtue of these proceedings and this order.

12.     The Lawsuit is hereby dismissed with prejudice in all respects, with the Court specifically retaining jurisdiction to award attorneys' fees, costs, expenses, and disbursements to Class Counsel.

13.     This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

14.     The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to Class Counsel.

15.     Plaintiff's attorney fee and expense request of $_____ is approved.

<u>ORDER</u>

IT IS SO ORDERED.

DATED: _____          _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nivea Ritchie, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. CV-12-1714-PHX-SMM |
| vs. | ) ) | |
| Van Ru Credit Corporation, Palisades Collection, L.L.C., and Asta Funding, Inc., | ) ) ) ) | |
| Defendants. | ) | |

**You have been identified as a member of the Class.
You are <u>not</u> being sued.**

**If you received an automated phone call from Van Ru Credit Corporation between January 1, 2012 and May 31, 2012 that allegedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., you may benefit from the settlement of this class action lawsuit.**

*This case is titled Nivea Ritchie v. Van Ru Credit Corporation, et. al.,
Case No. CV-12-1714-PHX-SMM. A federal court authorized this notice.
This is not a solicitation from a lawyer.*

There is a class action lawsuit about whether Van Ru Credit Corporation, Palisades Collection, L.L.C., and Asta Funding, Inc., (hereinafter "Defendants") allegedly acted improperly under the Telephone Consumer Protection Act, 47 U.S.C. § 227, by placing calls to a number assigned to a cellular telephone service, by using an automatic telephone dialing system without the recipient's consent.  Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM** | If you submit a timely claim form, you will get a pro rata share of the settlement fund in an amount of at least $167. |

| DO NOTHING BUT STAY IN SETTLEMENT | If you do nothing but stay in the settlement, you will get nothing from the settlement fund but will release any claim you have against the Defendants. |
| ASK TO BE EXCLUDED | Get no payment. This allows you to sue Defendants over the claims resolved by this lawsuit |
| OBJECT | Write to the Court about why you don't agree with the settlement. |
| GO TO A HEARING | Ask to speak in Court about the settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.  The Court in charge of this case still has to decide whether to approve the settlement. If it does, and after any appeals are resolved, money will be distributed to those who qualify. Please be patient.

## 1.  Why did I get this notice?

A Court authorized this notice to be sent to you because you have a right to know about a proposed settlement of this class action, including the right to claim money, and about all of your options, before the Court decides whether to give "final approval" to the settlement. If the Court approves the parties' Settlement Agreement ("Settlement Agreement"), and after any appeals are resolved, payments will be made to everyone who qualifies. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who may be eligible for them, and how to get them.  Judge Stephen M McNamee in the U.S. District Court for the District of Arizona is overseeing this class action. The case is known as *Nivea Ritchie v. Van Ru Credit Corporation, et. al., Case No. CV-12-1714-PHX-SMM*. The people who sued are called the "Plaintiffs," and the companies they sued are called "Van Ru", "Palisades Collection, L.L.C." and "Asta Funding, Inc.",or the "Defendants."

## 2.  What is this lawsuit about?

The lawsuit claims that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to cellular telephone numbers without consent to do so.   Defendants have denied all of these allegations and maintain that they did not act wrongfully or unlawfully.

## 3.  Why is this a class action?

In a class action, one or more people called a "Class Representative" (in this case, Nivea Ritchie) sue on behalf of themselves and others who have similar claims. All these people are

a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4. Why is there a settlement?

Both sides agreed to settle to avoid the cost, risk, and delay of litigation. The Court did not decide in favor of the Plaintiff or Defendants. By settling, the parties avoid the cost of a trial, and the people who qualify will get compensation. The Class Representative and her attorneys think the settlement is best for all Class Members. The settlement does not mean that Defendants did anything wrong.

## 5. How do I know if I am part of the settlement?

The Class includes all persons and entities throughout the United States to whom Van Ru made or caused to be made one or more calls between January 1, 2012 through May 31, 2012 directed to a number assigned to a cellular telephone service, by using an automatic telephone dialing system where Van Ru's records show the person or entity's cellular telephone number was obtained from a skip trace vendor. According to Van Ru's records, you have been identified as a potential Class Member.

## 6. What can I get from the settlement?

If you submit a timely claim form, you will be entitled to receive a pro rata share of the settlement fund. If you do not submit a timely claim form you remain in the class and you do not receive a benefit from the settlement fund.  Though the final amount of the distribution to the class in unknown, and will be determined by the number of people that submit a claim form as described below, if every one of the 9,042 class members return a claim form, the parties expect that each person returning the claim form will receive approximately **$167**.  The amount you will receive if you return a claim form can be higher.

## 7. When will I get these benefits?

You will receive these benefits after the Court grants "final approval" of the settlement and any appeals are resolved. If the Court approves the settlement after a hearing on _____, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient.

## 8. I want to be a part of the settlement and receive these benefits. What do I need to do?

In order to receive the benefits described above in Question No. 6, you need to submit a timely claim form with a postmark date no later than _____ to **Ritchie Settlement Administrator, c/o KCC, 2 North LaSalle Street, Chicago, IL 60602**.  Claims may also

be submitted via the internet at www.kccllc.net/_____. Also, notify KCC of any changes in your address if so needed.

## 9. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you remain in the Class, which means that you can't individually sue Defendants over the claims settled in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you stay in the Class, you will agree to "release and discharge" Defendants as described in the Settlement Agreement. Talk to Class Counsel (*See* the section on "The Lawyers Representing You") or your own lawyer if you have questions about the released claims or what they mean.

## 10. How do I get out of the settlement?

If you don't want a payment from this settlement, but you want to keep the right to individually sue Defendants about the issues in this case, then you must take steps to get out of the settlement. This is called excluding yourself from—or is sometimes referred to as "opting out" of—the Settlement Class.  To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Nivea Ritchie v. Van Ru Credit Corporation, et. al.*  You must include the case number (CV-12-1714-PHX-SMM) your full name, address, telephone number, email address (if available), and your signature. You must also include a clear statement that you wish to be excluded from the settlement class. You must mail your request for exclusion postmarked **on or before** _____ to:

**Ritchie Exclusion Requests**
**Ritchie Settlement Administrator**
**KCC**
**2 North LaSalle Street**
**Chicago, IL 60602**

Submitting a timely and valid exclusion request in writing is the only way to voluntarily exclude yourself from the settlement. You can't exclude yourself on the phone, by email, or at the company's website.

## 11. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to individually sue Defendants for the claims that this settlement resolves. You must exclude yourself from this Class to individually sue Defendants over the claims resolved by this settlement. Remember, the exclusion deadline is _____, 2014.

## 12. If I exclude myself, can I get a payment from this settlement?

No. If you exclude yourself, you will not receive any credits or payments, but you will have the right to sue Defendants over the claims raised in this lawsuit, either on your own or as part of a different lawsuit. If you exclude yourself, the time deadlines under law that you have in which to file your own lawsuit will begin to run again. You will have the same amount of time to file a new suit that you had when this case was filed.

## 13. Do I have a lawyer in this case?

The Court appointed Michael L. Greenwald and James L. Davidson of Greenwald Davidson PLLC, to represent you and other Class Members as "Class Counsel." You do not have to pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

## 14. How will the lawyers and Class Representative be paid?

Class Counsel will ask the Court for 28 percent of the Settlement Fund to cover attorneys' fees and reimbursement of their expenses in an amount not to exceed $25,000.00. Class Counsel will also ask that the Class Representative, Nivea Ritchie, receive $12,000 for representing the Class. Defendants have agreed not to oppose the request for fees and expenses up to these amounts. The Court may award less than these amounts.

## 15. Is this a fair settlement?

Class Counsel believes that this settlement is fair and reasonable.

## 16. What is Defendants' view of the settlement?

As stated above, by settling this lawsuit, Defendants are not admitting that they have done anything wrong. Defendants expressly deny the claims asserted by the class and deny all allegations of wrongdoing and liability. Defendants believe that this settlement is fair and reasonable.

## 17. How do I tell the Court if I don't agree with the settlement?

If you don't want the Court to approve the settlement, you must file a written objection in the case with the U.S. District Court for the District of Arizona and send a copy to the settlement administrator as noted below. You must include the name of the case (*Nivea Ritchie v. Van Ru Credit Corporation, et. al.,* CV-12-1714-PHX-SMM), your full name, address, telephone number, your signature, the specific reasons why you object to the settlement, a detailed statement of the specific legal and factual basis for each objection, and a list of the legal authority you will present at the settlement approval hearing. You or your lawyer must appear at the settlement approval hearing in order to properly object to the settlement. (*See* the section below on the "Court's Settlement Approval Hearing" below). If you have a lawyer file an objection for you, he or she must follow all the rules of the U.S. District Court for the District of Arizona, and you must list the attorney's name, address, bar number and telephone number in the written objection filed with the Court.

To object:

| File the objection with the Clerk of the Court at the address below **on or before _____, 2014 .** Note: You may send it by mail, but it must be received and filed by the Clerk **on or before _____, 2014**. | Mail a copy of the objection to Class Counsel and Defense Counsel at the following addresses so that the correspondence is postmarked **on or before _____, 2014.** |
|---|---|
| **COURT** | **SETTLEMENT ADMINISTRATOR** |
| **Clerk of U.S. District Court for the District of Arizona - Phoenix Division Sandra Day O'Connor U.S. Courthouse 401 West Washington Street, Suite 130 Phoenix, AZ 85003-2118** | **Ritchie Settlement Administrator KCC 2 North LaSalle Street Chicago, IL 60602** |
| **Plaintiff's Counsel** | **Defendants' Counsel** |
| **Michael L. Greenwald, Esq. Greenwald Davidson PLLC 5550 Glades Road, Suite 500 Boca Raton, FL 33431** | **James K. Schultz, Esq. Sessions Fishman Nathan & Israel 55 West Monroe Street, Suite 1120 Chicago, IL 60603** |

## 18. What's the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. If you object, and the Court approves the settlement anyway, you will still be legally bound by the result. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## 19. When and where will the Court decide whether to approve the settlement?

The Court has scheduled a settlement approval hearing ("Settlement Approval Hearing") at _____ on the_____, 2014 at the U.S. District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003-2118. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them.

## 20. Do I have to come to the hearing?

If you filed a written objection, you or your lawyer acting on your behalf must attend the Settlement Approval Hearing. Otherwise, you do not have to appear. Class Counsel will answer any questions that the Court may have. But, you are welcome to come at your own expense. You may also pay your own lawyer to attend, but it's not necessary, unless you choose to have a lawyer appear on your behalf to object to the settlement.

## 21. May I speak at the hearing?

If you submitted an objection to the settlement, you or your lawyer acting on your behalf must attend the Settlement Approval Hearing. You cannot speak at the Settlement Approval Hearing if you exclude yourself.

## 22. What happens if I do nothing at all?

If you do nothing, you will be bound by the terms of the settlement and will release any claims that you may have against Defendants.  However, **you will not** be entitled to receive  the benefits described above in Question 6 from this settlement. To obtain a payment, **you must return a claim form by _____**.  Also, unless you exclude yourself, you won't be able to sue Defendants for the claims resolved in this case.

## 23. How do I get more information about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. If you have questions, you may contact the following at the address provided:

**Ritchie Settlement Administrator**
**KCC**
**2 North LaSalle Street**
**Chicago, IL 60602**

**Or**

**Class Counsel**
**Michael L. Greenwald**
**GREENWALD DAVIDSON PLLC**
**5550 Glades Road, Suite 500**
**Boca Raton, FL 33431**
**561-826-5477 tel**
**561-961-5684 fax**
**mgreenwald@mgjdlaw.com**

**Also, more information can be found at www.kccllc.net/_____**

**Do <u>not</u> contact the Court or anyone else at Van Ru or the other Defendants.**

**24. What if I have a new address?**

If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case. However, if this notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter with your new address to:

**Ritchie Settlement Administrator**
**KCC**
**2 North LaSalle Street**
**Chicago, IL 60602**