**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nivea Ritchie,<br><br>                      Plaintiff,<br><br>v.<br><br>Van Ru Credit Corp. et al.,<br><br>                      Defendants. | No. CV-12-1714-PHX-SMM<br><br><br><br>**ORDER** |

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. 87.)

## BACKGROUND

Plaintiff's amended complaint alleges that Defendants violated 47 U.S.C. § 227 of the Telephone Consumer Protection Act of 1991 (the "TCPA") by using an automated telephone dialing system ("ATDS") to call, without permission, her individual cellular telephone and the cellular telephones of putative class members (the "Lawsuit"). (Doc. 24.) Including the calls to Plaintiff, Defendants used an ATDS to make 30,378 calls to the cellular phones of 9,042 putative class members from January 1, 2012, to May 31, 2012. (Docs. 79, 87-1 at 42.) The parties have reached a settlement in which Defendants will set aside $2.3 million (the "Settlement Fund") for Plaintiff's attorneys fees, costs of administration, and for payments to Plaintiff and the putative class members. Plaintiff now requests the Court preliminarily certify the class for settlement purposes, preliminarily approve the class settlement agreement, approve the proposed notice plan, and set the final approval conference.

**LEGAL STANDARDS**

To certify a class action pursuant to Federal Rule of Civil Procedure 23(a), the named plaintiff must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2548 (2011) (quoting Fed. R. Civ. P. 23(a)). Numerosity is routinely satisfied by hundreds of class members. E.g., Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1029 (9th Cir. 2012). Commonality exists "[w]here the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class." Id. (quoting Parra v. Bashas', Inc., 536 F.3d 975, 978-79 (9th Cir. 2008)). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" Id. at 1030 (quoting Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992)). Adequacy rests on two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Id. at 1031 (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998)).

Provided the elements of Rule 23(a) are met, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." Dukes, 131 S.Ct. at 2548. The third such requirement provides that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623

1 (1997). The superiority inquiry requires consideration of four factors:

2    (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
3    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
4    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
5    (D) the likely difficulties in managing a class action.

6 Fed. R. Civ. P. 23(b)(3). In the context of a "settlement-only" certification, any difficulties

7 in managing the action are ameliorated because the parties propose to avoid trial. Amchem

8 Prods., 521 U.S. at 620.

9      Once the class is certified, the class claims "may be settled . . . only with the court's

10 approval." Fed. R. Civ. P. 23(e). "If the proposal would bind class members, the court may

11 approve it only after a hearing and on finding that it is fair, reasonable, . . . adequate," id.

12 23(e)(2), "and free from collusion," Hanlon, 150 F.3d at 1027. Whether a settlement meets

13 these standards in the context of an unopposed motion seeking both preliminary certification

14 of the class and approval of the proposed settlement requires consideration of several factors,

15 including: (1) "the strength of plaintiffs' case"; (2) "the risk, expense, complexity, and likely

16 duration of further litigation"; (3) "the risk of maintaining class action status throughout the

17 trial"; (4) "the amount offered in settlement"; (5) "the extent of discovery completed, and the

18 stage of the proceedings"; and (6) "the experience and views of counsel." Id. at 1026. "The

19 parties seeking approval must [also] file a statement identifying any agreement made in

20 connection with the proposal." Fed. R. Civ. P. 23(e)(3).

21      "Adequate notice is critical to court approval of a class settlement under Rule 23(e)."

22 Hanlon, 150 F.3d at 1025. "For any class certified under Rule 23(b)(3), the court must direct

23 to class members the best notice that is practicable under the circumstances, including

24 individual notice to all members who can be identified through reasonable effort." Fed. R.

25 Civ. P. 23(c)(2)(B); see id. 23(e)(1) ("The court must direct notice in a reasonable manner

26 to all class members who would be bound by the proposal."). Rule 23(c)(2)(B) enumerates

27 seven elements that "[t]he notice must clearly and concisely state in plain, easily understood

28 language." Id. 23(c)(2)(B).

## DISCUSSION

**I.     Preliminary Class Certification for Purposes of Settlement**

Rule 23(a)

First, there are 9,042 putative class members—joinder is clearly impracticable. Therefore, the numerosity requirement is satisfied. Second, the legal and factual circumstances of the putative class members' claims are identical: Defendants used ATDS to call cellular phones in violation of 47 U.S.C. § 227. The Court finds the commonality requirement satisfied. Third, since Plaintiff is a member of the class, she has the same interests and claims as the putative class members; Defendants' defenses would be the same as to Plaintiff as they would as against each putative class member. Thus, the typicality requirement is satisfied. Fourth, Plaintiff has no antagonistic or conflicting interests with the putative class members; rather they all share the same interest in monetary damages. Plaintiff testified that she understands her responsibility to look out for the best interests of the class and to ensure equal treatment of the class members (Doc. 79-3 at 3); she is so committed to certifying and representing the class that she declined more than one offer of judgment that would have been more than she could have possibly recovered at trial. Plaintiff has retained experienced class counsel that are determined to prosecute the action. The Court finds the adequacy requirement satisfied. For the foregoing reasons, the Court finds the strictures of Rule 23(a) have been met.

Rule 23(b)

There is complete identity of common factual and legal issues: the central question is whether Defendants violated the TCPA by calling putative class members. The Court finds that the proposed class is "sufficiently cohesive to warrant adjudication by representation," Amchem Prods., 521 U.S. at 623, and that common questions predominate over individual questions. Thus, the predominance standard is met.

Shifting to the superiority inquiry, there is no discernable reason why any one class member would have an interest in individually controlling the prosecution of their claims. As mentioned above, the putative class members' allegations are homogenous and arise from

1  standardized conduct. The only alternative to a nation-wide representative action would be
2  for putative class members to bring identical suits individually or in smaller groups. Prudent
3  judicial administration strongly militates against a method of adjudication that would result
4  in thousands of identical law suits. Since there is no other pending litigation, and the parties
5  are proposing to settle the action rather than litigate it, the class action is clearly superior to
6  other methods of adjudication. Thus, the superiority standard is met, and the requirements
7  of Rule 23(b)(3) are satisfied.

8  As both conditions for class certification have been satisfied, the Court preliminarily
9  certifies the class.

10 **II.    Appointment of Class Counsel**

11  "The choice of counsel has traditionally been left to the parties, whether they sue in
12 their individual capacities or as class representatives." In re Cavanaugh, 306 F.3d 726, 734
13 (9th Cir. 2002). Plaintiff's counsel—and proposed class counsel—Greenwald Davidson
14 PLLC has ample experience in litigating class actions and has demonstrated an understanding
15 of applicable law. As mentioned above, Plaintiff's counsel is determined to tenaciously
16 prosecute this action, and has done so from its inception. The Court appoints Greenwald
17 Davidson PLLC as class counsel. See Fed. R. Civ. P. 23(g).

18 **III.   Fairness, Reasonableness, and Adequacy of the Settlement**

19  The Strength of Plaintiff's Case and the Risk of Maintaining Class Action Status

20  The parties seem to agree that Plaintiff's case is indeed strong by virtue of
21 Defendants' unaccepted offer of judgment. There is, however, a possibility that Defendants
22 could moot Plaintiff's claims by fully satisfying her economic stake in the case. See Diaz v.
23 First Am. Home Buyers Prot. Corp., 732 F.3d 948, 952 (9th Cir. 2013) (quoting GCB
24 Commc'ns, Inc. v. U.S. South Commc'ns, Inc., 650 F.3d 1257, 1267 (9th Cir. 2011)) ("[A]
25 case will 'become moot' when 'an opposing party has agreed to everything the other party
26 has demanded.' "); see also id. at 955 (quoting Genesis Healthcare Corp. v. Symczyk, 133
27 S.Ct. 1523, 1536 (2013) (Kagan, J., dissenting)) ("[A] court may have 'discretion to halt a
28 lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders

1 and only the plaintiff's obstinacy or madness prevents her from accepting total victory.' ").
2 Since the inherently transitory relation-back doctrine articulated in <u>Pitts v. Terrible Herbst,
3 Inc.</u>, 653 F.3d 1081 (9th Cir. 2011), does not apply to claims for statutory damages, <u>see
4 Genesis Healthcare</u>, 133 S.Ct. at 1531-32 (explaining a defendant's litigation strategy does
5 not render a claim for damages inherently transitory because the claim "cannot evade review;
6 it remains live until it is settled"), mooting Plaintiff's individual claims would moot the class
7 action as well, <u>see</u> <u>Sosna v. Iowa</u>, 419 U.S. 393, 402 (1975) ("There must . . . be a named
8 plaintiff who has such a case or controversy at the time the complaint is filed, and at the time
9 the class action is certified by the District Court pursuant to Rule 23 . . . ."); <u>see, e.g.</u>, <u>Luman
10 v. Theismann</u>, No. 2:13-cv-00656-KJM, 2014 WL 443960 (E.D. Cal. Feb. 4, 2014)
11 (dismissing uncertified class action because named plaintiffs' claims were moot).

12 Given the uncertainty about whether Plaintiff could certify the class in the absence of
13 this settlement agreement, the proposed agreement appears fair and reasonable.

14 <u>The Risk, Expense, Complexity, and Likely Duration of Further Litigation</u>

15 Further litigation would not only be contentious, but would likely result in appeals.
16 Settlement curtails further expense, as well as shortens and simplifies the proceedings. This
17 factor also lends itself to finding the settlement fair and reasonable.

18 <u>The Extent of Discovery and the Stage of the Proceedings</u>

19 Litigation has been progressing for close to two years and the parties have engaged
20 in substantial discovery; indeed, discovery has now closed. The parties were able to assess
21 the relative strengths and weaknesses of the opposing party's positions and to compare the
22 benefits of the proposed settlement to further litigation. Accordingly, this factor also weighs
23 in favor of preliminary approval of the settlement.

24 <u>The Experience and Views of Counsel</u>

25 The parties engaged in arms-length settlement negotiations which included mediation,
26 and ultimately arrived at the instant Settlement Agreement. As Plaintiff's counsel is qualified
27 to assess the merits of the case and negotiate a class settlement, this factor favors preliminary
28 settlement as well.

The Amount Offered in Settlement

The Settlement Agreement provides for a $2.3 million settlement fund from which claimants will receive a pro rata share after deduction of attorney's fees, administration expenses, and Plaintiff's incentive award. Class members will receive no less than $167, and depending on how many class members submit claims, they could receive substantially more. This recovery surpasses other recent TCPA class settlements. E.g., Malta v. Fed. Home Loan Mortg. Corp., No. 10-CV-1290-BEN, 2013 WL 444619, at *4 (S.D. Cal. Feb. 5, 2013) ("If each of the potential 5,887,508 eligible claimants filed claims, they would receive approximately $2 each."); Sarabri v. Weltman, Weinberg & Reis Co., L.P.A., No. 10-cv-1777-AJB, 2012 WL 3991734, at *3 (S.D. Cal. Aug. 27, 2012) (recovery of $0.85 to $70 depending on how many class members filed claims); Lo v. Oxnard European Motors, LLC, No. 11-CV-1009-JLS, 2011 WL 6300050, at *5 (S.D. Cal. Dec. 15, 2011) (minimum recovery of $131.69). This suggests the settlement is fair, reasonable, and adequate.

Collusion

"[D]istrict courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives." Radcliffe v. Experian Info. Solutions Inc., 715 F.3d 1157, 1164 (9th Cir. 2013). In Radcliffe, "[t]here [wa]s a serious question whether class representatives could be expected to fairly evaluate whether awards ranging from $26 to $750 is a fair settlement value when they would receive $5,000 incentive awards." Id. Ultimately, the Court in Radcliffe reversed the district court's approval of the class settlement because the incentive award was conditioned on the class representative's approval of the settlement, but also because of "the significant disparity between the incentive awards and the payments to the rest of the class members further exacerbated the conflict of interest caused by the conditional incentive awards." Id.

Here, Plaintiff will receive a $12,000 incentive award while the putative class members' recovery is a pro rata distribution of the settlement fund after Plaintiff's award and attorney's fees and administration costs are deducted. The Court has some reservations about whether Plaintiff can adequately represent class interests given "the significant disparity

1 between the incentive awards and the payments to the rest of the class members." Id. Since
2 the parties did not file a statement about any agreement made in connection with the
3 proposed settlement, see Fed. R. Civ. P. 23(e)(3), it is unknown whether Plaintiff's incentive
4 payment was conditioned on approval of the settlement.

5 It is not evident that Plaintiff's incentive payment is the result of collusion. Likewise,
6 it does not appear that Plaintiff's attorneys' fees are the result of collusion, but there is some
7 doubt as to whether 28% of the settlement fund—$644,000—is fundamentally fair and
8 reasonable given the circumstances. See Staton v. Boeing Co., 327 F.3d 938, 963 (9th Cir.
9 2003) ("There is no exception in Rule 23(e) for fees provisions contained in proposed class
10 action settlement agreements."); see also id. at 964 (quoting Court Awarded Attorney Fees,
11 Report of the Third Circuit Task Force, 108 F.R.D. 237, 266 (1985)) ("When a large
12 attorney's fee means a smaller recovery to plaintiff, a significant conflict of interest between
13 client and attorney is created."). In any event, the Court need not resolve these issues at this
14 time; it is enough if the settlement is "within the range of reason." Federal Judicial Center,
15 Manual for Complex Litigation § 22.923, at 454 (4th ed. 2004) (quoting In re Prudential Ins.
16 Co. Am. Sales Practices Litig., 148 F.3d 283, 324 n.73 (3d Cir. 1998)).

17 As the settlement is not outside the range of reason and bears hallmarks of fairness,
18 reasonableness, and adequacy, the Court preliminarily approves the settlement.

19 **IV.   Approval of Class Notice**

20 The proposed notice program provides for direct mail notice to each member of the
21 class as well as a website devoted to settlement administration. The proposed program also
22 provides that the settlement administrator will use skip tracing to identify each class member,
23 thereby reasonably ensuring each class member receives direct mail notice. The content of
24 the notice clearly explains the meaning, definition, and nature of the class and its claims; the
25 terms, provisions, and binding effect of the settlement; the costs fees, and awards to be
26 deducted from the settlement fund; the time and manner for submitting claims, exclusions,
27 and; the right to appear through an attorney; the parties' counsel's contact information for
28 requesting additional information; and the date, time, and place of the final approval hearing.

1  However, the process for submitting objections is unclear: the notice equivocates on
2  whether the settlement administrator and/or the parties' attorneys need to receive written
3  notice by mail. (See Doc. 87-1 at 44-45.) Since Plaintiff's proposed order is silent as to
4  mailing objections to the settlement administrator, the Court presumes class members need
5  not mail their objections to the settlement administrator in order for the objections to be
6  effective. Provided the notice content is modified to unambiguously explain that objections
7  must be filed with the Court and mailed to both parties' counsel, it is adequate.

8  Since this program, as modified, provides satisfactory individual and direct notice to
9  all class members, the Court conditionally finds Plaintiff's proposal to be the best practicable
10 notice under the circumstances. As the method of notice detailed below is reasonable, the
11 Court conditionally approves the proposed notice program.

12 Accordingly,

13 **IT IS HEREBY ORDERED denying without prejudice** Defendants' Motion to
14 Dismiss for Lack of Subject Matter Jurisdiction due to Mootness. (Doc. 65.)

15 **IT IS FURTHER ORDERED denying without prejudice** Plaintiff's Motion to Stay
16 Ruling on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction due to
17 Mootness. (Doc. 70.)

18 **IT IS FURTHER ORDERED denying without prejudice** Plaintiff's Motion for
19 Class Certification. (Doc. 79.)

20 **IT IS FURTHER ORDERED granting** Plaintiff's Unopposed Motion for
21 Preliminary Approval of Class Action Settlement. (Doc. 87.)

22 **IT IS FURTHER ORDERED:**

23 1. JURISDICTION: The Court has jurisdiction over the subject matter of the
24    Lawsuit and over all settling parties hereto.

25 2. CAFA NOTICE: In compliance with the Class Action Fairness Act of 2005,
26    28 U.S.C. §§ 1332(D), 1453, 1711-1715, and as set forth in the parties'
27    Settlement Agreement, Defendants shall serve written notice of the proposed
28    settlement on the U.S. Attorney General and the Attorney General of each state

no later than **Monday, March 23, 2014**.

3. CLASS MEMBERS: Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of 9,042 Plaintiffs (the "Class Members") with respect to the claims of the Lawsuit:

> All persons and entities throughout the United States to whom Van Ru made or caused to be made one or more calls between January 1, 2012, through May 31, 2012, directed to a number assigned to a cellular telephone service, by using an automatic telephone dialing system where Van Ru's records show the person's or entity's cellular telephone number was obtained from a skip trace vendor.

4. PRELIMINARY CLASS CERTIFICATION: The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under of Federal Rule of Civil Procedure 23, for purposes of settlement only:

   A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable.

   B. There are questions of law and fact common to the Class Members that predominate over individual questions.

   C. The claims of Plaintiff are typical of the claims of the Class Members.

   D. Plaintiff and Class Counsel have fairly and adequately represented the interests of all the Class Members.

   E. Class treatment of these claims is superior to alternative methods for a fair and efficient adjudication.

5. CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT: Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies Plaintiff Nivea Ritchie as the Class Representative and Michael L. Greenwald and James L. Davidson of Greenwald Davidson PLLC as Class Counsel.

///

6. PRELIMINARY APPROVAL OF SETTLEMENT: The Court preliminarily approves the parties' Settlement Agreement, according to its terms and conditions, as fundamentally fair, reasonable, and adequate.

7. ADMINISTRATION: The Settlement Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All costs of administration shall be paid out of the Settlement Fund. Upon the recommendation of the parties, the court hereby appoints the following Settlement Administrator: KCC, 2 North LaSalle Street, Chicago, IL 60602.

8. NOTICE AND CLAIMS PROCESS: Provided the exclusion process was clarified consistent with this Order, the Court approves the form and substance of the proposed notice. (Doc. 87-1 at 40-47.) In accordance with the Settlement Agreement, the Settlement Administrator shall cause the completed notice to be mailed to the Class Members no later than **Friday, April 11, 2014**. The Settlement Administrator shall confirm and update the Class Members' addresses as necessary. The notice shall reference a website established by the Settlement Administrator and that website shall contain the full details of the Settlement and permit Class Members to submit claims. No later than **Monday, June 30, 2014**, the Claims Administrator shall file a declaration of compliance with the notice procedures set forth in the Agreement. This proposed method of notice constitutes the best notice practicable under the circumstances and satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

9. SETTLEMENT PAYMENTS: The Settlement Administrator will mail a settlement check to each Class Member who submits a timely claim form and does not exclude himself or herself from the class. The settlement checks to the class members shall be sent via U.S. mail no later than 30 days after entry of Final Judgment

10. EXCLUSION PROCESS: Any Class Member who desires to be excluded from the class must send a written request for exclusion to Class Counsel with a postmark date no later than **Monday, May 26, 2014**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement Agreement.

11. OBJECTION PROCESS: Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court no later than **Monday, May 26, 2014**. Any objecting Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Ritchie v. Van Ru Settlement, Greenwald Davidson PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and Counsel for Defendants, Attention: Ritchie v. Van Ru Settlement, Sessions, Fishman, Nathan & Israel, L.L.C., 55 W. Monroe Street, Suite 1120, Chicago, IL 60603. To be effective, a notice of intent to object to the Proposed Settlement must:

  A. Include the name of the case and the case number;

  B. Provide the name, address, telephone number and signature of the Class Member filing the objection;

  C. Be filed with the Clerk of the Court no later than **Monday, May 26, 2014**;

  D. Be sent to Class Counsel and Defendants at the addresses designated in the Notice by mail postmarked no later than **Monday, May 26, 2014**;

  E. Contain a detailed statement of the specific legal and factual basis for each and every objection;

  F. Include a list of legal authority the objector will present at the

Final Approval Hearing; and

G. If the objecting Class Member is represented by an attorney, the objection must also contain the name, address, bar number and telephone number of the objecting Class Member's counsel. Counsel must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the District of Arizona.

12. OBJECTING CLASS MEMBERS' OPPORTUNITY TO BE HEARD: Any Class Member who has timely filed an objection shall appear at the Settlement Approval Hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the Proposed Settlement, and on the application for an award of attorneys' fees and costs. The right to object to the Proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group and, except in the case of a deceased, minor, or incapacitated Class Member, not by another person acting in a representative capacity.

13. FINAL APPROVAL HEARING: The Court shall conduct a hearing (the "Final Approval Hearing") on **Monday, July 21, 2014,** at **2:30 p.m.** in Courtroom 401, Sandra Day O'Conner U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003. Class Members wishing to be heard must attend the Final Approval Hearing in person or through counsel. Class Members not wishing to be heard need not attend the Final Approval Hearing. The Final Approval Hearing may be rescheduled or continued without notice to Class Members. At the hearing, the Court will consider the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Federal Rule of Civil Procedure 23;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        B.     Whether the proposed settlement is fundamentally fair, reasonable, adequate, free from collusion, and in the best interest of the Settlement Class Members and should be approved by the Court;

        C.     Whether the Final Order and Judgment should be entered according to the terms of the Settlement Agreement, thereby dismissing the Lawsuit with prejudice and releasing Defendants from any and all claims that Plaintiff and non-excluded Class Members may have which arise out of the alleged conduct.

        D.     Any other issues the Court deems appropriate.

14. SUBMISSIONS TO THE COURT: Submissions by the parties or by any Class Member—excluding objections contemplated by ¶ 11 of this Order—shall be filed with the Court no later than **Friday, July 11, 2014**. Such submissions include memoranda supporting and/or opposing the proposed settlement; responses to objections; petitions for attorney's fees; and petitions for reimbursement of costs and expenses by Class Counsel;

15. COMPLETE INSEVERABILITY: If the Settlement Agreement is not finally approved for any reason, then this order shall be vacated, the Settlement Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered. In particular, this Order and the Settlement shall be vacated if:

        A.     The Settlement Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

        B.     The Court rejects any material component of the Settlement

      Agreement, including any amendment thereto approved by the Parties;

  C. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Settlement Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof; or

  D. The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

16. RETENTION OF JURISDICTION: The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

17. SCHEDULE: The Court sets the following schedule:

| Date | Event |
|---|---|
| **March 12, 2014** | Preliminary Approval Order Entered |
| **March 23, 2014** | Deadline for service of CAFA notices |
| **April 11, 2014** | Deadline for sending notice to Class Members |
| **May 26, 2014** | Deadline to Exclude or Object |
| **June 30, 2014** | Deadline to file declaration of compliance |
| **July 11, 2014** | Deadline to file submissions to the Court |
| **July 21, 2014** | Final Approval Hearing |

DATED this 12th day of March, 2014.

*[signature]*

Stephen M. McNamee
Senior United States District Judge