**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nivea Ritchie, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>      vs.<br><br>Van Ru Credit Corporation, Palisades Collection, L.L.C., and Asta Funding, Inc.<br><br>Defendants. | Case No. 2:12-CV-01714-PHX-SMM<br><br>**FINAL ORDER AND JUDGMENT** |

On January 17, 2013, Plaintiff filed an amended class action complaint (hereinafter referred to as the "Lawsuit") against Van Ru Credit Corporation, Palisades Collection, L.L.C. and Asta Funding, Inc. in the United States District Court for the District of Arizona, Case No. CV-12-1714-PHX-SMM, asserting class claims under the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227, *et seq*.

Van Ru Credit Corporation, Palisades Collection, L.L.C. and Asta Funding, Inc. ("Defendants") have denied any and all liability alleged in the Lawsuit.

On February 21, 2014, after extensive arms-length negotiations, Plaintiff and Defendants (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which is

subject to review under Fed. R. Civ. P. 23.

On February 21, 2014, the Parties filed the Settlement Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendants served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of all 50 states.

On March 12, 2014, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Nivea Ritchie as the Class Representative; (iv) appointed Michael L. Greenwald and James L. Davidson of Greenwald Davidson PLLC as Class Counsel; and, (v) set the date and time of the Settlement Approval Hearing.

On July 3, 2014, the Plaintiff filed her Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On July 21, 2014, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable,

adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and record.  All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.    **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> all persons and entities throughout the United States to whom Van Ru made
> or caused to be made one or more calls between January 1, 2012 through
> May 31, 2012 directed to a number assigned to a cellular telephone service,
> by using an automatic telephone dialing system where Van Ru's records
> show the person or entity's cellular telephone number was obtained from a
> skip trace vendor (the "Class Members").

3.    Defendants represent there are approximately 9,042 Class Members.

4.    **CLASS   REPRESENTATIVE   AND   CLASS   COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Nivea

Ritchie as the Class Representative and Michael L. Greenwald and James L. Davidson of Greenwald Davidson PLLC as Class Counsel

5. **NOTICES AND CLAIM FORMS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed.  The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the notice was clearly designed to advise the Class Members of their rights.

6. **FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of

this controversy.

7.     The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

8.     **SETTLEMENT TERMS** – The Settlement Agreement, which is attached hereto as **Exhibit A** and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Settlement Agreement include, but are not limited to, the following:

A.     <u>Settlement Fund</u> – Van Ru shall establish a $2,300,000 Settlement Fund (the "Settlement Fund").

B.     <u>Deductions</u> - The following shall be deducted from the Settlement Fund before any other distributions are made:

a.     The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify class members;

b.     Plaintiff's attorneys' fees and costs, subject to approval from this Court and not to exceed 30% of the fund; and

c.     The Incentive Payment to Nivea Ritchie.  Plaintiff, Nivea Ritchie, shall receive the sum of $12,000 as acknowledgment of her role in prosecuting this case on behalf of the Class Members.

C.     <u>Settlement Payment to Class Members</u> - Each Class Member who has submitted a valid and timely claim form with a postmark date no later than 75 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement shall receive a pro rata share of the remainder of the settlement fund. Each settlement check will be will be void sixty (60) days after mailing.   To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be paid to Van Ru to offset the costs of settlement administration, up to the costs of administration.

9.     **OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the settlement.  No Class Member objected to the settlement. One Class Member made a valid and timely request for exclusion and is excluded from the class and settlement and is not bound by this order.  The identity of such person is: Delittria I. Whitehead.

10.     This Order is binding on all Class Members, except Delittria I. Whitehead, who validly and timely excluded herself from the class.

11.     **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set

forth in the Settlement Agreement.  Pursuant to the release contained in the Settlement Agreement, the Released Claims – except claims for attorneys' fees, costs, and expenses – are compromised, settled, released, discharged, by virtue of these proceedings and this order.

12.    The Lawsuit is hereby dismissed with prejudice in all respects, with the Court specifically retaining jurisdiction to award attorneys' fees, costs, expenses, and disbursements to Class Counsel.

13.    This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

14.    The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to Class Counsel.

15.  Plaintiff's request for an award of attorneys' fees of 28 percent of the Settlement Fund, or $644,000.00, is approved.

. . . . .

16.  Plaintiff's request for a reimbursement of litigation expenses of $20,847.52 is approved.

IT IS SO ORDERED.

DATED this 30th day of July, 2014.


Stephen M. McNamee
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nivea Ritchie, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. CV-12-1714-PHX-SMM |
| vs. | ) ) ) | |
| Van Ru Credit Corporation, Palisades Collection, L.L.C., and Asta Funding, Inc., | ) ) ) ) | |
| Defendants. | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), dated February 21, 2014, is entered into between Nivea Ritchie (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Class Members" (as defined below), and Van Ru Credit Corporation (hereinafter referred to as "Van Ru"). This Agreement is intended by Van Ru and Plaintiff, on behalf of herself and the Class Members (hereinafter collectively referred to as the "Parties"), to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below), upon and subject to the terms and conditions contained herein.

RECITALS

WHEREAS, on January 17, 2013, Plaintiff filed an amended class action complaint (hereinafter referred to as the "Lawsuit") against Van Ru Credit Corporation,

1

Palisades Collection, L.L.C. and Asta Funding, Inc. in the United States District Court for the District of Arizona, Case No. CV-12-1714-PHX-SMM, asserting putative class claims arising from the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227, *et seq*.

WHEREAS, Plaintiff has alleged that Van Ru violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make or place telephone calls to Plaintiff's cellular telephone number and the cellular telephone numbers of the putative class without consent to do so.

WHEREAS, the Parties desire and intend to settle and resolve all of the claims asserted in the Lawsuit;

WHEREAS, the Parties wish to avoid the expense and uncertainty of litigation;

WHEREAS, the Parties believe that settlement by way of this Agreement is in their best interest;

WHEREAS, counsel for the Class Members have conducted an evaluation of the claims to determine how best to serve the interests of the Class Members;

WHEREAS, counsel for the Class Members believe, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to the Class Members, that the class settlement as provided in this Agreement is in the best interest of the Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, prior to entering into this Agreement, counsel for the Parties engaged

2

in extensive arms-length negotiations and discovery, including a full day mediation with the Honorable Wayne Andersen (Ret.);

WHEREAS, the Parties desire and intend to seek court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek entry of a Final Approval Order and subsequently  an order dismissing with prejudice the claims of the Class Members as set forth herein;

WHEREAS, the Parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed settlement pursuant to the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4;

WHEREAS, the Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and contemplate that they will oppose any objections to the proposed settlement, including objections by any regulatory authority after CAFA notices are issued, and oppose any appeals from any orders of final approval.

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree:

1.    <u>DEFINITIONS</u> – The following definitions shall apply to this Agreement:

A.    <u>"Effective Date"</u> shall mean the first date after "Final Order Day" (as defined below) and after Van Ru fulfills the obligations required under ¶ 22 of this Agreement.

3

B.    "Final Order Day" shall mean the day upon which the Final Approval Order becomes "Final." The Final Approval Order shall become "Final" upon the expiration of any available appeal period following entry of the Final Approval Order. If any appeal is filed from the Final Approval Order, then the Final Order Day shall be the first date after the conclusion of all appeals, so long as the Final Approval Order is not reversed or vacated.

C.    "Class Members" shall mean all persons and entities throughout the United States to whom Van Ru made or caused to be made one or more calls between January1, 2012 and May 31, 2012  directed to a number assigned to a cellular telephone service, by using an automatic telephone dialing system where the person or entity's cellular telephone number was obtained by Van Ru from a skip trace vendor. The Parties agree there are 9,042 Class Members, including Plaintiff.

D.    "Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), between January 1, 2012 through May 31, 2012,  which Plaintiff or Class Members have that arise out of, or are based upon, the conduct alleged in the  Lawsuit – including specifically claims that arise out of or are related in any way to the use of an "automatic telephone dialing system", a predictive

dialer and/or an "artificial or prerecorded voice" by Van Ru to make "calls" to a cellular telephone or any service for which the Class Member was charged for the call, (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law) by or on behalf of the Released Parties in connection with efforts to contact or attempt to contact Settlement Class Members by or on behalf of the Released Parties including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other statutory or common law claim arising from the use of automatic telephone dialing systems, a predictive dialer  and/or an artificial or prerecorded voice, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel, regardless of whether those claims are known or unknown at the time this Agreement is entered into, and regardless of any information that may be discovered in future, which Plaintiff or Class Members have that arise out of, or are based upon, the conduct alleged in the Lawsuit.

E.      "Released Parties" shall mean Van Ru Credit Corporation; Palisades Collection, L.L.C.; Asta Funding, Inc. and each of their past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-

insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit.

2.      <u>CLASS CERTIFICATION</u> – Concurrent with seeking preliminary approval of the settlement, counsel for the Parties shall jointly seek certification, pursuant to FED. R. CIV. P. 23 (b)(3), of a class as defined above in ¶ 1(C).

3.      <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – For settlement purposes, and subject to Court approval, Plaintiff, Nivea Ritchie, is appointed as the Class Representative for the Class Members and Michael L. Greenwald and James L. Davidson of Greenwald Davidson PLLC, are appointed as counsel for the Class Members ("Class Counsel").

4.      <u>ORDER OF PRELIMINARY APPROVAL</u> – Within 20 business days after this Agreement is fully executed, counsel for the Parties shall jointly request that the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the same form attached as **Exhibit A**.

5.      <u>FINAL ORDER AND JUDGMENT</u> – If the settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, counsel for the Parties shall jointly request that the Court enter a Final Order and Judgment in substantially the same form attached as **Exhibit B**.

6.     Upon entry of the Final Order and Judgment, the Parties expressly waive any and all rights to appeal any orders issued by the Court in connection with the Lawsuit.

7.     Plaintiff and Class Counsel agree that the execution of this Agreement, or any related documents, the certification of the class, and any other act taken or court paper filed in furtherance of this Agreement shall not be used to urge that a "litigation class" pursuant to FED. R. CIV. P. 23 is appropriate in this case.  In the event this settlement is not approved, Defendants retain any and all rights to object to the maintenance of this action, or any other action as a class action, and to contest this action, or any other action, on any other grounds, and Plaintiff retains and all rights to seek certification of a litigation class that may be different in scope than the settlement class here.,

8.     ADMINISTRATION AND NOTIFICATION PROCESS – A third party class administrator jointly selected by and agreeable to the parties ("Class Administrator") shall administer the settlement and notification of the settlement to the Class Members. The costs and expenses for the administration of the settlement and class notice, including all skip tracing work necessary to identify the class members, shall be deducted from the Settlement Fund as defined below.  The Class Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members.

9.     The Class Administrator shall, as expeditiously as possible but not to exceed 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, provide notice of the settlement to the Class Members as follows:

A.     Written Notice – The Class Administrator will send via U.S. mail written

notice of the settlement to each Class Member at his or her last known valid address, address correction requested. Before sending the written notice, the Class Administrator shall confirm and, if necessary, update the addresses for the Class Members through the standard methodology it currently uses to update addresses, including attempting to identify the name and address of each Class Member based on the cellular telephone number identified for each Class Member.  If any notice is returned with a new address, the Class Administrator will re-mail the notice to the new address and shall update the Class Member address list with all forwarding addresses. The notice to the Class Members shall be in substantially the form attached as **Exhibit C**.

B.     <u>Website Notice</u> – No more than 30 days after the Preliminary Order, the Claims Administrator shall maintain and administer a dedicated settlement website (www._____.com) containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form members can download, complete and submit electronically. At a minimum, such documents shall include the Settlement Agreement and Exhibits, the Notice, the Preliminary Approval Order, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the operative complaint, and when filed, the Final Approval Order.

C.     CAFA Notice. Defendants shall be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within 10 days of the filing of the Preliminary Approval Motion.

10.     REQUESTS FOR EXCLUSION AND OBJECTIONS – The Class Administrator

shall administer the receipt of any and all requests for exclusion.

11.     Any Class Member who desires to be excluded from the class must send a written

request for exclusion to the Class Administrator with a postmark date no later than 75

days after the Court's entry of the Order of Preliminary Approval of Class Action

Settlement.   The Class Administrator shall provide a list of the names of each Class

Member who submitted a timely exclusion to Class Counsel after the deadline passes.  A

copy of this list will be filed with the Court, along with the Parties' Motion for Final

Approval of Class Action Settlement.

12.     In the written request for exclusion, the Class Member must set forth his or her full

name, address, telephone number and email address (if available), along with a statement

that he or she wishes to be excluded.

13.     Any Class Member who submits a valid and timely request for exclusion shall not

be bound by the terms of this Agreement.

14.     Any Class Member who intends to object to the fairness of this settlement must

file a written objection with the Court within 75 days from the Court's entry of the Order

of Preliminary Approval of Class Action Settlement.   Further, any such Class Member

must, within the same time period, provide a copy of the written objection to Class

Counsel and Counsel for Defendants via U.S. Mail.

15.     In the written objection, the Class Member must state:   his or her full name,

address, telephone number, and email address (if available); the reasons for his or her

objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Further, the Class Member must attach to his or her objection any documents supporting the objection.

16.     Any Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

17.     When responding to any inquiry from a Class Member, Plaintiff and Class Counsel will confirm that they believe the settlement is fair and reasonable.

18.     Subject to approval by the Court, a fairness hearing will be conducted regarding the settlement within 120 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement. Under Rule 23(c)(2)(B)(iv) of the Federal Rules of Civil Procedure, the Class Members shall be notified that they may enter an appearance through an attorney at their own expense if the member so desires.

19.     THE EFFECTIVE DATE – As defined in ¶ 1(B), the "Effective Date" shall be the first date after Final Judgment Day and after Defendants complete the performance requirements under ¶ 22 of this Agreement.

20.     RELEASES – As of the Effective Date, Plaintiff and the Class Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, and are forever barred from asserting any of the Released Claims in any court or forum whatsoever against any of the Released Parties.

21.     The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, or

10

damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and approved by a court are hereby expressly, knowingly, and voluntarily waived by Plaintiff and the Class Members.

22.     <u>SETTLEMENT CONSIDERATION</u> – In consideration for the foregoing releases, the Parties agree to the following:

      A.     <u>Settlement Fund</u> – Van Ru shall establish a $2,300,000 Settlement Fund (the "Settlement Fund").

      B.     <u>Deductions</u> - The following shall be deducted from the Settlement Fund before any other distributions are made:

            a.     The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify Class Members; and

            b.     Plaintiff's attorneys' fees and costs, subject to approval from this Court and not to exceed 30% of the fund;

            c.     The Incentive Payment to Nivea Ritchie: Plaintiff, Nivea Ritchie, shall receive the sum of $12,000 as acknowledgment of her role in prosecuting this case on behalf of the Class Members.

      C.     <u>Settlement Payment to Class Members</u> - The Class Administrator shall send via U.S. mail, address correction requested, the class notice to each Class Member at his or her last known valid address.  Each Class Member who submits a valid and timely claim form with a postmark date no later than 75 days after the Court's entry of the Order

of Preliminary Approval of Class Action Settlement shall be entitled to participate in the settlement as follows:

The remainder of the Settlement Fund after the above distributions are made will be distributed on a pro-rata basis among those Class Members who return a valid and timely claim form.  Each Class Member who submits a valid and timely claim form shall receive a pro-rata share of the remainder of the settlement fund after the deductions described in ¶ 22(B).  Each Class Member will be sent a claim form along with the Notice described in ¶ 9.  Each Class Member must return a claim form to receive a cash payment.  Class Members must return their completed claim form to the Class Administrator with a postmark date no later than 75 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement.

Within 30 days after Final Order Day, Defendants and the Class Administrator shall send via U.S. mail a settlement check to each Class Member who submits a valid and timely claim form. Defendants' obligations pursuant this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cashed, except that the Class Administrator will be obligated to take reasonable steps to forward all settlement checks returned with a forwarding address to such forwarding addresses. Each settlement check will be will be void sixty (60) days after mailing.

D.     Limited Reversion - To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be paid to

12

Van Ru to offset the costs of settlement administration, up to the costs of administration. If checks that remain uncashed or are not paid after 60 days of the first pro rata distribution yield an amount that, after administration costs for the making of a second pro rata distribution, would allow a second pro rata distribution to the qualifying claimants equal to or greater than $1.00 per qualifying claimant, a second pro rata distribution will be made. If a second pro rata distribution is not made, the uncashed amount will be paid to a non-profit(s) entity to be determined as a cy pres recipient.  If a second pro rata distribution is made, the amount of any checks that remain uncashed after 60 days of the second pro rata distribution will be distributed to the identified non-profit(s).

23.    COVENANT NOT TO SUE – Plaintiff agrees and covenants, and each Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

24.    TERMINATION – After completing a good faith negotiation, Class Counsel and Defendants shall each have the right to terminate this Agreement by providing written notice to the other within 7 days following:

    A.    The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as **Exhibit A**;

B.     The Court's refusal to approve the settlement following notice to the Class Members and the fairness hearing; or

C.     The Court's refusal to enter a Final Order and Judgment in substantially the form attached as **Exhibit B**.

25.     If either Class Counsel or Defendants terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

26.     ATTORNEYS' FEES, COSTS, AND EXPENSES – In advance of the Final Settlement Hearing, Class Counsel shall file an application for attorneys' fees, costs, and expenses in an amount not to exceed 30% of the Settlement Fund, subject to approval by the Court.  Defendants will not object to the fee, cost, and expense application, provided the application seeks no more than 30% of the Settlement Fund.  Any amount awarded to Class Counsel for attorneys' fees, costs, and expenses will be deducted from the Settlement Fund prior to the distribution to the Class Members as described in ¶ 22(B).

27.     Van Ru shall forward to Class Counsel the check for the attorneys' fees, costs and expenses awarded by the Court no later than 15 days after the Court's order related to such fees, costs, and expenses becomes final (non-appealable). Upon payment of attorneys' fees, costs, and expenses to Class Counsel, the Released Parties shall have no further obligation with respect to Class Counsel's fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Class Member.

14

28.     In the event that at any time prior to the Fairness Hearing, Class Counsel or the Class Administrator advise Defendants  that more than 20% of Class Members elected to opt out of participating in this Agreement, then Van Ru or Plaintiff shall have the option to unilaterally terminate this settlement before the Fairness Hearing.

29.     <u>MISCELLANEOUS PROVISIONS</u> – Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

30.     This Agreement is for settlement purposes only.  The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by Van Ru, any Defendant or any Released Party.  This Agreement shall not be offered or be admissible against Van Ru, any Defendant or any Released Party or cited or referred to, in any action or proceeding, except in an action or proceeding brought to enforce its terms.

31.     No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

32.     This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties, including any and all other mediation and settlement agreements.  The terms of this Agreement are contractual.

33.     This Agreement shall be interpreted in accordance with Arizona law.

15

34.     Any dispute, challenge, or question relating to this Agreement shall be heard only by this Court.

35.     The Parties shall request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Class Members, and over the administration and enforcement of this Agreement.

36.     This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

37.     In the event that any material provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if Defendants  and Class Counsel mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

38.     This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

39.     This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

40.     Thirty (30) days after Class Members' checks become void, after the latter of either the first or second pro-rata distribution described in Paragraph 22(B), Defendants shall file a Notice of Compliance that they have complied with the terms of the

Agreement, all Class Members have been issued checks, and any undistributed funds or uncashed checks have been sent to the agreed upon recipients.  Fourteen days (14) after the Notice of Compliance has been filed, Plaintiff shall file a motion for dismissal with prejudice.

42.    <u>Notices/Communications</u>.    All    requests,    demands,    claims    and    other communications hereunder shall: (a) be in writing; (b) be delivered by U.S. Mail; (c) be deemed to have been duly given on the date received; and (d) be addressed to the intended recipients as set forth below:

<u>If to Plaintiff or the Class</u>:

Michael Greenwald
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida  33431

and

<u>If to Van Ru</u>:

James K. Schultz
Sessions, Fishman, Nathan & Israel, LLC
55 W. Monroe Street, Suite 1120
Chicago, IL 60603


IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 21st day of February, 2014.



SIGNATURES

17

_____
Nivea Ritchie


_____
Michael L. Greenwald
James L. Davidson
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477 tel
561-961-5684 fax
mgreenwald@mgjdlaw.com
jdavidson@mgjdlaw.com

Attorneys for Plaintiff and Proposed Class Counsel


_____
Representative of Van Ru Credit Corp.


_____
James K. Schultz
Daniel W. Pisani
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
55 W. Monroe St., Suite 1120
Chicago, IL 60603-5130
312-578-0990 tel
312 578 9991 fax
jschultz@sessions-law.biz
dpisani@sessions-law.biz

Attorneys for Defendants

_____
Nivea Ritchie


_____
Michael L. Greenwald
James L. Davidson
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477 tel
561-961-5684 fax
mgreenwald@mgjdlaw.com
jdavidson@mgjdlaw.com

Attorneys for Plaintiff and Proposed Class Counsel


_____
Representative of Van Ru Credit Corp.


_____
James K. Schultz
Daniel W. Pisani
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
55 W. Monroe St., Suite 1120
Chicago, IL 60603-5130
312-578-0990 tel
312 578 9991 fax
jschultz@sessions-law.biz
dpisani@sessions-law.biz

Attorneys for Defendants

_____
Nivea Ritchie


_____
Michael L. Greenwald
James L. Davidson
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477 tel
561-961-5684 fax
mgreenwald@mgjdlaw.com
jdavidson@mgjdlaw.com

Attorneys for Plaintiff and Proposed Class Counsel


_____
Representative of Van Ru Credit Corp.


_____
James K. Schultz
Daniel W. Pisani
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
55 W. Monroe St., Suite 1120
Chicago, IL 60603-5130
312-578-0990 tel
312 578 9991 fax
jschultz@sessions-law.biz
dpisani@sessions-law.biz

Attorneys for Defendants

18